UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RACHEL EVENS,<br>    Plaintiff | 5:22-cv-5057 |
| vs. | MEMORANDUM |
| DAVID GILBERTSON, STEVEN R. JENSEN, JANINE M. KERN, MARK E. SALTER, PATRICIA J. DEVANEY, SCOTT P. MYREN,<br>    Defendants | AND ORDER |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 6) the Complaint (Doc. 1). Plaintiff has responded (Doc. 10) and Defendants have replied (Doc. 9). Plaintiff requests relief in the form of money damages and a restraining order preventing further litigation of her divorce and custody case, 51DIV18-41, in Pennington County, SD. Plaintiff supports her 96-page Complaint and attachments with an additional 43-page document entitled "Information to Support Complaint." (Doc. 2). Defendants offer several rationales for dismissal. (Doc. 7).

1

Plaintiff has filed a number of lawsuits related to this one. She sued South Dakota Circuit Court Judge Connolly and the South Dakota Supreme Court Justices in the United States District Court for the District of Montana (9:20-cv-00165); South Dakota Circuit Judge Linngren in the same court (9:20-cv-00172); and South Dakota Circuit Judge Gusinsky in the United States District Court for the District of South Dakota (5:22-cv-5054). The Court takes Judicial Notice of these court records. Fed. R. Evid. 201.

## I. Background

Plaintiff's husband at the time filed for divorce in the Circuit Court of the Seventh Judicial District, Rapid City, SD, 51DIV 18-41. The case was assigned to Judge Connolly who granted the divorce on the grounds of extreme cruelty, and made determinations concerning child custody and support, property division, attorneys' fees, and costs. *Evens v. Evens*, 951 N.W.2d 268, 274-75 (S.D. 2020). He also issued an Order holding Plaintiff in contempt of court. *Id.* at 276. Plaintiff appealed to the South Dakota Supreme Court, which resolved the issues against her in a lengthy opinion. *Evens*, 951 N.W.2d at 277-83. Plaintiff's Petition for Rehearing was denied. (Doc. 1-1, PgID 75).

Dissatisfied with the result of her efforts in the South Dakota courts, Plaintiff turned to the federal courts. Her lawsuit against Judge Connolly and the South Dakota Supreme Court based on the outcome of the divorce proceeding was

2

dismissed for lack of personal jurisdiction. *Evens v. Connolly*, 2021 WL 1050455, *3 (D.MT. 2021). The case against Judge Linngren, who had issued orders concerning child custody, met the same fate for the same reason. *Evens v. Linngren*, 2021 WL 1248624, *2 (D. MT. 2021). Both Judges recused themselves after Plaintiff sued them, and Judge Gusinsky was assigned the case. Plaintiff sued him alleging he had engaged in "egregious discrimination" and violations of her rights, (5:22-cv-5054, PgID 133), and the case was dismissed. *Evens v. Gusinsky*, 2022 WL 2981649, *4 (D.S.D. 2022).

In the case before this Court, Plaintiff alleges Defendants have failed "to uphold their sworn duties of their judicial office through violating their state's constitution, and refusing to uphold equal justice for all citizens by stark retaliation and blatantly discriminating against a pro se' litigant." (Doc. 1, PgID 1). She claims there was an "illegal divorce action" involving herself and her former husband, based on an alleged lack of jurisdiction. (Doc. 1, PgID 6). She claims "fraudulent and false allegations" were made in the divorce proceeding. (Id.). Although she fails to delineate her claims, she presents a narrative raising four "issues" in the current proceeding, including lack of judicial immunity, judicial discrimination against her as a pro se litigant, lack of jurisdiction for the divorce proceeding, and "cruel and undue" punishment. (Id.). As noted, she requests money damages and an injunction prohibiting the litigation of all matters relating

3

to 51DIV 18-41 because it is "nullified and void." (Id., PgID 16). She alleges as a basis for jurisdiction that the Defendants have violated 18 U.S.C § 241, 18 U.S.C. § 242, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. She has indicated that the parties are residents of different states. (Id., PgID 17).

The Defendants have moved to dismiss, asserting lack of subject matter jurisdiction, the need for abstention, inapplicability of 42 U.S.C §1983 as the basis for an injunction, and judicial immunity.

## II. Discussion

### A. Legal Standard- Motion to Dismiss

The Defendants have moved to dismiss Plaintiff's complaint under F.R.C.P. 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted. (Doc. 6). The standard governing dismissal pursuant to a motion to dismiss was set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) as follows: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). See *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (dismissal proper where factual allegations failed to state a plausible claim for relief and amounted to only a possibility that relief was warranted); *Faulk v. City of St. Louis*, 30 F.4th 739,

744 (8th Cir. 2022) (quoting *Iqbal* standard and reversing denial of motion to dismiss).

When a plaintiff proceeds pro se, the court must construe the complaint liberally, but the pleading "must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (cleaned up). The court is not required to "construct a legal theory" for a plaintiff. *Id.* As the *Iqbal* Court noted, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). See also *Marglon v. City of Sioux Falls Police Dept.*, 2020 WL 906521, *2 (D.S.D. 2020).

Plaintiff asserts that she and the Defendants are residents of different states, and the Court acknowledges jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. She has requested damages in the amount of "as much as is allowable by law." (Doc. 1, PgID 17). Although it is not clear that Plaintiff's complaint meets the standard of *Twombly* and *Iqbal,* the nature of her allegations against these Defendants prompts the Court to resolve them.

### B. 42 U.S.C. § 1983 claim—Judicial Immunity

Plaintiff has relied upon 42 U.S.C. § 1983 as the basis of her suit against the Justices. Section 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. §

5

1983. To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Furthermore, the Supreme Court has reinforced that § 1983 "merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). See also *Marglon*, 2020 WL 906521, *3.

The nature of this lawsuit has prompted both Plaintiff and Defendants to invoke the doctrine of judicial immunity. Absolute judicial immunity from lawsuits brought pursuant to 42 U.S.C. § 1983 has long been recognized. *Mireles v. Waco*, 502 U.S. 9 (1991) (citing authority); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from §1983 liability"). See also *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (same). The rationale supplied by the Supreme Court is the "long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). As the *Mireles* Court stated, "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal

consequences to himself." 502 U.S. at 10. Judges are protected when they act in their "judicial capacity," which is gauged by "the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Mireles,* 502 U.S. at 12 (quoting *Stump v. Sparkman,* 435 U.S. 349, 362 (1978)). See also *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967). As the Eighth Circuit has explained, "A judge is absolutely immune from liability if (1) the judge had subject matter jurisdiction, and (2) the acts complained of were judicial acts." *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir. 1983) (cleaned up).

These principles were applied in *Stanko v. South Dakota,* where an individual had been charged with several misdemeanors and later sued the magistrate judge who handled his case. 2019 WL 10890199, *2 (D.S.D. 2019). The plaintiff alleged the judge had no jurisdiction over him and that probable cause had not been established. *Id.,* *8. The court rejected the arguments, explaining the judge had subject matter jurisdiction because she was the magistrate judge assigned to that court to handle misdemeanor cases. *Id.* The court quoted Eighth Circuit precedent to the effect that a judge's act is "judicial" if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.,* *8 (quoting *Birch v. Mazander,* 678 F.2d 754, 756 (8th Cir. 1982)). Because the magistrate was exercising jurisdiction in the case, and was

performing a judicial function, she had absolute judicial immunity and the claim was properly dismissed. *Id.*, *9. Similarly, in *Meyer v. Pfeifle*, a litigant dissatisfied with the outcomes of two criminal cases and a divorce action sued the three South Dakota Circuit Court judges who had presided over the actions. 2019 WL 1208776 (D.S.D. 2019). Plaintiff alleged violations of her civil rights and other claims. *Id.*, *1. In dismissing, the court reasoned the judges were full-time judges in positions authorized by the state legislature whose actions were "those normally performed by a judge," and the actions were done by the named judges "in their judicial capacity." *Id.*, *7. The court concluded the judges had subject matter jurisdiction, and their contact with the defendant was only because they were assigned to hear the case. *Id.* Therefore, they had "absolute judicial immunity," thus depriving the federal court of subject matter jurisdiction to hear the claims against them and mandating dismissal of the plaintiff's claims. *Id.*

Pertinent to this case and the question of the South Dakota Supreme Court's jurisdiction, the Constitution of the State of South Dakota provides as follows: "The Supreme Court shall have such appellate jurisdiction as may be provided by the Legislature, and the Supreme Court or any justice thereof may issue any original or remedial writ which shall then be heard and determined by that court." S.D. CONST. art. V, § 5. The South Dakota Legislature has provided general rules pertaining to the Supreme Court at S.D.C.L. Ch. 16-1 and 16-3. In the

case at bar, the Justices of the South Dakota Supreme Court addressed the case of *Evens v. Evens* on appeal from the Circuit Court of the Seventh Judicial District and issued an opinion deciding the issues raised. 951 N.W.2d 277-284. The Justices were acting in their judicial capacity when they did so. Contrary to Plaintiff's theories, the subject matter jurisdiction referenced in cases such as *Smith v. Bacon,* above, refers to the court dealing with an issue within its purview, and not to the ultimate decision on a jurisdictional question raised by a party to the case. Plaintiff may disagree with the outcome of the case, but it is clear the Justices were acting in their official capacity and are immune from suit.

With respect to the issues raised in the Complaint, Plaintiff's Issue I appears to be a pre-emptive strike couched as an issue, arguing the Defendants do not have Judicial Immunity "when intentionally disregarding jurisdiction." (Doc. 1, PgID 7). She is mistaken. As explained above, the South Dakota Supreme Court Justices have judicial immunity in this lawsuit. When engaged in appellate review of the divorce case of *Evens v. Evens*, they were performing a judicial function in their judicial capacities, as set forth in the Constitution of the State of South Dakota.

Plaintiff's Issue II alleges discrimination against Plaintiff as a pro se litigant, specifically alleging the Justices have a conflict of interest, lack impartiality, and ignored fraud upon the court. (Id.). These claims are not supported by a legal theory cognizable under 42 U.S.C. § 1983. Furthermore, it appears Plaintiff bases

9

her claim of conflict of interest and lack of impartiality on the fact that she sued them in *Evens v. Connolly*, as discussed above. If that is the basis of her allegation, she should understand that she cannot create a potential conflict by suing the Justices and then force their removal from the case. If that is not the basis of her allegation, none other appears. With respect to any possible fraud upon the court, the Justices have the authority to address an allegation of fraud and resolve it if they find it legally and factually established. Judicial immunity protects them from a lawsuit when a litigant disagrees with their handling of such an issue.

Plaintiff's Issue III alleges that subject matter jurisdiction in her divorce action was not established, thus creating a due process violation. (Id., PgID 8). Plaintiff then appears to re-litigate the divorce action. Judicial immunity prevents her from succeeding in her re-litigation efforts by seeking damages against the Justices who affirmed the trial court on appeal in *Evens v. Evens*. Furthermore, her claim does not amount to a theory cognizable under 42 U.S.C. § 1983.

Plaintiff's Issue IV alleges "Cruel Undue Punishment Prohibited." (Id., PgID 13). Plaintiff asserts there was no jurisdiction in the divorce proceeding and the Justices erred by affirming the grant of the divorce on the grounds of extreme cruelty. Plaintiff's effort to sue the Justices for damages on this basis fails once

again based on the grounds of judicial immunity. Furthermore, this is not a claim cognizable under 42 U.S.C. §1983.

In sum, Plaintiff seeks money damages from the Justices of the South Dakota Supreme Court, who acted in their judicial capacity when they resolved the issues in her appeal. Her claims fail, as the Justices are absolutely immune from the liability she asks this Court to recognize. Because they are immune, the Court does not have subject matter jurisdiction to determine Plaintiff's claims against them. For this reason, Defendants' motion to dismiss (Doc. 6) is granted and Plaintiff's claims are dismissed in their entirety.

### C. Abstention

In accordance with *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from intervening in a variety of state court proceedings. As the Eighth Circuit has explained, abstention is required when: "(1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) (citing *Plouffe v. Ligon*, 606 F.3d 890, 894-95 (8th Cir. 2010)). The doctrine "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Oglala Sioux Tribe v.*

*Fleming,* 904 F.3d 603, 610 (8th Cir. 2018) (quoting *Moore v. Sims,* 442 U.S. 415, 423 (1979)). Thus, in *Oglala Sioux Tribe,* the Eighth Circuit held that the federal court should not intervene in a dispute between South Dakota officials and the Oglala Sioux Tribe, Rosebud Sioux Tribe, and others over procedures for hearings in connection with the temporary removal of children from their homes. The ongoing nature of the dispute dictated that the federal courts refrain from deciding the issues raised. *Id.* at 611-13.

Likewise in the case at bar, based on Plaintiff's request for injunctive relief, it appears there may be ongoing litigation in connection with the dispute over the custody of her children. (Doc. 1; Doc. 7, PgID 158). As other courts have recognized, abstention in cases involving ongoing child custody disputes is particularly appropriate. See, e.g., *Evens v. Gusinsky,* 2022 WL 2981649, *3; *Lewis v. Seventh Circuit Court-South Dakota Unified Judicial System,* 2018 WL 7247048, *2 (D.S.D. 2018); *Carlson v. County of Ramsey, Minnesota,* 2016 WL 3352196, *6 (D. Minn. 2016). This is so because of the state's interest in handling domestic relations issues which are a matter of state, not federal, law. Therefore, this Court abstains from exercising jurisdiction over Plaintiff's ongoing divorce and custody issues in the Seventh Judicial Circuit of South Dakota.

**D. Additional issues**

1. Plaintiff has alleged that Defendants violated 18 U.S.C. §§ 241 and 242 in conspiring to and depriving her of various rights. Courts repeatedly have held that there is no private right of action under 18 U.S.C. § 241. Federal authorities have the task of determining whether to pursue criminal charges. *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) (cleaned up); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (no private right of action under 18 U.S.C. §§ 241 and 242 against judge sued by litigant in divorce action). See also *Mousseaux v. United States Comm'r of Indian Affairs*, 806 F. Supp. 1433, 1437 (D.S.D. 1992). Because there is no private right of action under these provisions, nor evidence to support the allegations in this case, this claim is dismissed.

2. Plaintiff has alleged that one or more Justices have violated the Judicial Code of Ethics. Plaintiff has offered no facts to support this allegation and the Court finds none in the Complaint. Even if Plaintiff had supported her claim with facts, this Court is not the proper forum in which to resolve such a claim. For this reason, the Court grants the Defendants' Motion to Dismiss.

**CONCLUSION**

Plaintiff has endeavored to have this Court provide a federal forum for her lawsuit which emanated from the outcome in *Evens v. Evens* that she perceives as adverse. This Court has determined that the Defendant South Dakota Supreme

13

Court Justices have judicial immunity, and therefore dismisses Plaintiff's claims for money damages in their entirety. In addition, to the extent Plaintiff's claims concern ongoing litigation, this Court abstains.

Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss (Doc. 6) is granted in its entirety and Plaintiff's claims (Doc. 1) are dismissed.

Dated this __27th__ day of September, 2022.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____